RICHARD W. WOLFE, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 41115.)

Third Department, May 6, 1965.

*Louis J. Lefkowitz, Attorney-General (Jean M. Coon* of counsel), for appellant.

*Kramer, Wales & Robinson (Donald W. Kramer* of counsel), for respondent.

HERLIHY, J. P. The claimant owned 156.735 acres of land, best suited for residential purposes. The State appropriated for highway purposes 0.900 acres in fee and two permanent easements 0.707 acres in area. It is unquestioned that the State has taken all of the claimant's access unless it can be found he has access across the area appropriated for the permanent easement. The easements are described as follows:

" Permanent easements * * * for the purpose of constructing, reconstructing and maintaining thereon drainage ditches and drainage structures together with appurtenances * * *.

" Reserving, however, to the owner of the property, described by Parcels 605 and 700, the right and privilege of using this property providing the exercise of such right and privilege does not, in the opinion of the Superintendent of Public Works, or other authorized representatives acting for the people of the State of New York or its assigns, interfere with or prevent the user in exercise of the rights hereinbefore described."

The issue presented on this appeal is whether, in view of the easement reservation, the owner has been cut off from his property and may, therefore, recover an amount equivalent or substantially equivalent to the value of the property remaining after the appropriation.

We find that under the wording of the reservation in the easement, the State has given the claimant a license to use the easement, subject to revocation according to the terms of the reservation. This license in no way guarantees that claimant's remaining land can be utilized for residential purposes and the possibility of revocation would certainly lessen the desirability of this land in the eyes of potential purchasers. As stated by the Court of Claims: "The State, in an attempt to mitigate damages herein, called an engineer * * * who stated that in his opinion a bridge could be built across the permanent easement area taken by the State and that such permission would be granted by the Department of Public Works. This testimony, of course, is hearsay, and at no time during the trial did the State offer any instrument which would grant to the claimant here in perpetuity the right of access across the permanent easement taken by the State."

The claimant proceeded on the trial under the theory that there was no reasonable means of access left to his property and thus the remainder had only a nominal residual value. The State proceeded under the theory that the claimant had suffered no loss of access and that the only damage to the remaining property was the cost of constructing access across the easements.

*This action would seem to typify the advantages of examinations before trial and disclosures. The question as to whether the State would give a permanent right of way across its easement, or some other form of conveyance satisfactory to both parties which would tend to diminish damages, is something which could have been readily explored by these pretrial procedures.*

While we appreciate the efforts of the court at the trial to resolve the rights of the parties and recognize that the amount awarded is within the range of the proof, it seems an unnecessary expenditure of public funds to allow practically 100% damage for the remaining land in no way affected except as to access. It is entirely possible that under the present reservation the claimant could create new access to his property and utilize it to its fullest extent, in which case the present award for full value resulting from a loss of the property would be a windfall to which he is not entitled. In the present posture of this action, the claimant's rights under the reservation are too questionable for us to affirm the judgment.

Here, the claimant's sole existing means of access was, in fact, destroyed at the outset and it may well be that he is entitled to the award. If, however, the State is amenable to approving the building of a bridge across its drainage easement, suitable

in size for residential development with some permanency attached thereto, the present award would not be sustainable at this time. If, in the future, the State interferes with the right to cross the said easement for purposes of ingress and egress, such action will constitute a *de facto* appropriation of the claimant's property, for which he would be entitled to compensation. (See *Jafco Realty Corp.* v. *State of New York,* 18 A D 2d 74, affd. 14 N Y 2d 556; *Clark* v. *State of New York,* 20 A D 2d 182, affd. 15 N Y 2d 990.)

We are constrained to call to the attention of the State authorities that it is the duty of those exercising the power of condemnation to see to it that no more damage is done to what remains after the appropriation than is necessary. (See *Matter of City of New York* [*Morris*], 74 App. Div. 197, 205, affd. 174 N. Y. 26.) The same responsibility should be evident in attempting to minimize the damage which results from the terms and conditions of easements or other forms of limitation or reservation.

The judgment should be reversed on the law and the facts and the matter remitted to the Court of Claims to afford the State the opportunity of stipulating in court that a bridge of suitable size will be authorized and approved, with a right in perpetuity to the use thereof, or other suitable agreement, otherwise the award should remain in its present amount with the exception that the existing reservation to the claimant be withdrawn, if requested by the State. In the event the State does so stipulate, the award for consequential damages should be based upon the costs of the required bridge, and other present damages, if any, and the right should be reserved to the claimant to make future claims for *de facto* appropriations in the event of the State's interference with the said access.

REYNOLDS, TAYLOR, AULISI and HAMM, JJ., concur.

Judgment reversed, on the law and the facts, and matter remitted for further proceedings in accordance with opinion herein, without costs. Settle order.